UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GEORGE W. WILSON,

    Plaintiff,

    v.                             CAUSE NO.: 3:18-CV-551-PPS-MGG

RON NEAL, et al.,

    Defendants.

## OPINION AND ORDER

George W. Wilson, a prisoner without a lawyer, filed a complaint against Warden Ron Neal, Dr. Joseph Thompson, Dr. Nancy Marthakis, Tony Hobbs, Sherri Fritter, Christine Rossi, Corrections Medical Services, and Wexford Health Sources regarding his medical treatment at the Indiana State prison. "A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Wilson alleges that, on February 16, 2017, he requested treatment for hepatitis C, but Dr. Thompson refused, stating that he did not think it would be approved.

However, to accommodate the chronic arthritis in Wilson's knees, Dr. Thompson ordered knee braces and shoe insoles. Wilson received a knee brace, but it did not fit him, and he never received the shoe insoles. On March 16, 2017, the absence of these assistive devices caused Wilson to fall when his left knee gave out. He hit his chest on a sink, which caused severe chest pain. Despite submitting several medical requests, he received no treatment for his chest until April 11, 2017, when Dr. Thompson diagnosed a chest contusion. On May 22, 2017, Wilson told Dr. Thompson that the knee brace did not fit. Dr. Thompson ordered a replacement, but Wilson never received it. On July 23, 2017, Wilson requested orthopedic boots, but Dr. Thompson refused, stating that Corrections Medical Services did not provide them. Dr. Marthakis also refused to provide orthopedic boots. The absence of orthopedic boots caused pain and swelling in Wilson's feet and ankles.

On August 31, 2017, Wilson reported that he never received the replacement knee brace or the shoe insoles, and Dr. Thompson directed him to file a complaint. On September 6, 2017, Wilson submitted an informal grievance for the knee brace, and Sherri Fritter responded that she could not find an order for the knee brace. On November 3, 2017, Sherri Fritter stated that she would schedule an appointment to assess Wilson's need for a knee brace but did not do so. Dr. Thompson subsequently determined that Wilson did not need a knee brace or shoe insoles. On October 11, 2017, the absence of these assistive devices caused Wilson to fall when his knee gave out. He injured his testicles, which were painful and swollen, but Dr. Thompson refused to examine them. On March 16, 2018, Wilson again requested treatment for hepatitis C, but

he was denied treatment. He has yet to receive a knee brace and continues to suffer testicular pain, and Dr. Marthakis has further exacerbated his medical condition by confiscating his wheelchair. Wilson seeks money damages and injunctive relief.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to a serious medical need, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). A mere disagreement with medical professionals about the appropriate course of treatment does not establish

3

deliberate indifference, nor does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Wilson alleges claims of deliberate indifference against all defendants for: (1) providing inadequate treatment for hepatitis C; (2) not providing him with orthopedic boots; and (3) for not providing him with a knee brace and shoe insoles and providing inadequate treatment for the resulting injuries. "[Section] 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). The complaint does not indicate that Ron Neal or Christine Rossi were personally involved with Wilson's medical treatment. Additionally, the complaint suggests that the personal involvement of Tony Hobbs was limited to responding to Wilson's grievances, but "the alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

Nevertheless, the complaint contains allegations to support that Dr. Thompson was personally involved in providing inadequate treatment with hepatitis C; that Dr. Thompson and Dr. Marthakis were personally involved in refusing the request for orthopedic boots; and that Dr. Thompson, Sherri Fritter, and Dr. Marthakis were personally involved in refusing to provide a knee brace and shoe insoles and for providing inadequate treatment for the resulting injuries. Therefore, Wilson may proceed on these claims against Dr. Thompson, Dr. Marthakis, and Sherri Fritter.

4

Wilson also alleges that the inadequate medical treatment he received was a result of the policies of Corrections Medical Services and Wexford Health Sources. A corporation "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.* A corporation can be held liable for "an express policy that, when enforced, causes a constitutional deprivation." *Id.* The policy must be the "moving force behind the deprivation of his constitutional rights." *Johnson v. Cook Cty.*, 526 F. App'x 692, 695 (7th Cir. 2013). Wilson plausibly states an Eighth Amendment claim against Corrections Medical Services and Wexford Health Sources.

For these reasons, the court:

(1) GRANTS George W. Wilson leave to proceed on a claim against Dr. Joseph Thompson, Corrections Medical Services, and Wexford Health Sources, for money damages for denying him adequate medical treatment for hepatitis C since February 16, 2017, in violation of the Eighth Amendment;

(2) GRANTS George W. Wilson leave to proceed on a claim against Dr. Joseph Thompson, Dr. Nancy Marthakis, Corrections Medical Services, and Wexford Health Sources for money damages for refusing to provide orthopedic boots since June 23, 2017, in violation of the Eighth Amendment;

(3) GRANTS George W. Wilson leave to proceed on a claim against Dr. Joseph Thompson, Dr. Nancy Marthakis, Sherri Fritter, Corrections Medical Services, and Wexford Health Sources for money damages for refusing to provide a knee brace and

5

shoe insoles and for denying him adequate medical treatment for the resulting injuries since February 16, 2017, in violation of the Eighth Amendment;

(4) GRANTS George W. Wilson leave to proceed on an injunctive relief claim against Dr. Joseph Thompson, Dr. Nancy Marthakis, Sherri Fritter, Corrections Medical Services, and Wexford Health Sources to obtain adequate medical treatment for the medical conditions described herein as required by the Eighth Amendment;

(5) DISMISSES Ron Neal, Tony Hobbs, and Christine Rossi;

(6) DISMISSES all other claims;

(7) DIRECTS the clerk and the United States Marshals Services to issue and serve process on Dr. Joseph Thompson, Dr. Nancy Marthakis, Sherri Fritter, Corrections Medical Services, and Wexford Health Sources at the Indiana Department of Correction with a copy of this order and the complaint (ECF 2) as required by 28 U.S.C. § 1915(d); and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Joseph Thompson, Dr. Nancy Marthakis, Sherri Fritter, Corrections Medical Services, and Wexford Health Sources respond, as provided by the Federal Rules of Civil Procedure and N.D. Ind. L. R. 10.1, only to the claims for which George W. Wilson has been granted leave to proceed in this order.

SO ORDERED on August 1, 2018.

s/ Philip P. Simon  
JUDGE  
UNITED STATES DISTRICT COURT